Kane Moon (SBN 249834)
E-mail: kmoon@moonlawgroup.com
Allen Feghali (SBN 301080)
E-mail: afeghali@moonlawgroup.com
Chancellor Nobles (SBN 330081)
E-mail: cnobles@moonlawgroup.com
Kaleb Oliver (SBN 366550)
E-mail: koliver@moonlawgroup.com
**MOON LAW GROUP, PC**
725 S. Figueroa St., 31st Floor
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff Maria Elena Hernandez

[Defendant's Counsel Listed on Next Page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA ELENA HERNANDEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONOCO PRODUCTS COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants | Case No. 2:25-cv-07744-FLA (RAOx)<br><br>Judge: Hon. Fernando L. Aenlle-Rocha<br><br>**STIPULATION TO MODIFY THE COURT'S SCHEDULING ORDER REGARDING PLAINTIFF'S DEADLINE TO FILE HER MOTION FOR CLASS CERTIFICATION AND TO SET ALTERNATIVE BRIEFING SCHEDULE**<br><br>[*Filed concurrently with Proposed Order*]<br><br>Complaint Filed: April 15, 2024<br><br>FAC filed: July 30, 2024<br><br>Action Removed: August 18, 2025<br><br>Trial Date: July 6, 2027 |

Andrea F. Oxman (SBN 252646)
Peter M. Waneis (SBN 300999)
Serena A. Limas (SBN 358945)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
Andrea.Oxman@jacksonlewis.com
Peter.Waneis@jacksonlewis.com
Serena.Limas@jacksonlewis.com

Michael D. Thomas (SBN 226129)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Telephone: (949) 885-1360
Michael.Thomas@jacksonlewis.com

Attorneys for Defendant
SONOCO PRODUCTS COMPANY

This Stipulation is made by and between Plaintiff Maria Elena Hernandez ("Plaintiff") and Defendant Sonoco Products Company ("Defendant") (collectively, the "Parties"), by and through their respective counsel, with reference to the following facts:

WHEREAS, on September 22, 2025, the Court set the following dates in its Scheduling Order (Dkt. 19):

| | |
|---|---|
| Last Date to Hear Motion to Amend Pleadings: | January 2, 2026; |
| Last Date to Hear Class Certification Motion: | July 9, 2026; |
| Fact Discovery Cut-off: | January 22, 2027; |
| Expert Disclosure (Initial): | January 29, 2027; |
| Expert Disclosure (Rebuttal): | February 12, 2027; |
| Expert Discovery Cut-Off: | February 26, 2027; |
| Last Date to Hear Motions: | March 26, 2027; |
| Deadline to Complete Settlement Conference: | May 14, 2027; |
| Trial Filings Cutoff (first round): | May 21, 2027; |
| Trial Filings Cutoff (second round): | June 4, 2027; |
| Final Pretrial Conference: | June 18, 2027; and |
| Trial: | July 6, 2027; |

WHEREAS, Plaintiff filed her Complaint in Los Angeles Superior Court on April 14, 2024 (Dkt. 3; Ex. A);

WHEREAS, Plaintiff filed her First Amended Complaint ("FAC") on July 30, 2024 (Dkt. 3; Ex. H);

WHEREAS, on August 18, 2025, Defendant filed a Notice of Removal (Dkt. 2) on the grounds that Plaintiff's claims are subject to federal question jurisdiction and arise under Section 301 of the Labor Management Relations Act;

WHEREAS, on September 12, 2025, Plaintiff filed a Motion to Remand (Dkt. 14) on the grounds that Defendant's removal was untimely and that none of

Plaintiff's claims are dependent on an analysis of a collective bargaining agreement, and thus are not preempted by federal law;

WHEREAS, the Court took Plaintiff's Motion to Remand under submission on October 15, 2026 (Dkt. 24);

WHEREAS, since Defendant's removal, the Parties have been and are diligently engaged in discovery, including ongoing meet and confer discussions regarding written discovery disputes in a good faith effort to resolve the disputes without court intervention;

WHEREAS, Plaintiff's written discovery requests the class-wide time and pay data necessary for Plaintiff to file her Motion for Class Certification;

WHEREAS, on March 25, 2026, the Parties, via a third-party administrator, issued a *Belaire-West* opt-out notice to the putative class, the notice period of which elapsed on April 24, 2026;

WHEREAS, on May 1, 2026, the *Belaire-West* third-party administrator released the class list to the Parties, excluding the individuals who opted-out;

WHEREAS, on May 4, 2026, Defendant produced time and pay data for all putative class members who did not opt-out of having their names and contact information disclosed to Plaintiff's counsel pursuant to the *Belaire-West* notice process;

WHEREAS, n May 8, 2026, Plaintiff took the first of two scheduled depositions of Defendant's 30(b)(6) deponents;

WHEREAS, Defendant's second 30(b)(6) deponent's deposition is scheduled for May 29, 2026;

WHEREAS, Defendant took Plaintiff's deposition on May 11, 2026;

WHEREAS, under the Court's current Scheduling Order (Dkt. 19), Plaintiff's Motion for Class Certification must be filed on June 11, 2026, with Defendant's Opposition to be filed on June 18, 2026 (one week after Plaintiff's Motion for Class Certification is filed pursuant to Local Rule 7-9), and Plaintiff's Reply to be filed on

June 25, 2026 (one week after Defendant's Opposition to Plaintiff's Motion for Class Certification is filed pursuant to Local Rule 7-10);

WHEREAS, the Parties have not previously requested any continuances in this action;

WHEREAS, the Parties agree that there is good cause to continue the deadline for Plaintiff to file her Motion For Class Certification and to set the following briefing schedule for the Motion based upon the Parties' good faith efforts to address Plaintiff's eight (8) putative class claims in her operative complaint and to informally resolve all discovery disputes through the meet and confer process and without court intervention:

- A six (6) week extension of Plaintiff's deadline to file her Motion for Class Certification, from June 11, 2026 to July 23, 2026;
- Defendant's Opposition due seven (7) weeks thereafter, on September 10, 2026;
- Plaintiff's Reply due four (4) weeks thereafter, on October 8, 2026; and
- Hearing on Friday, November 6, 2026, or as soon thereafter as the Court is able to accommodate;

WHEREAS, the Parties believe good cause exists for this brief continuance, which will only result in a four (4) month continuance of the contemplated hearing on Plaintiff's Motion for Class Certification, based upon the following facts:

- On May 4, 2026, Defendant produced voluminous time and pay data to Plaintiff for over 200 putative class members after completion of the *Belaire-West* notice process, and Plaintiff is reviewing and analyzing said data.
- Plaintiff and her counsel were only able to appear for her deposition as of May 11, 2026, notwithstanding that on March 16, 2026, Defendant timely noticed Plaintiff's deposition for April 1, 2026;

- Defendant's first 30(b)(6) deponent had their deposition taken on May 8, 2026;
- Plaintiff still has not taken the deposition of Defendant's second 30(b)(6) deponent, who is unavailable until May 29, 2026;
- The Parties are still meeting and conferring regarding additional documents they are seeking in connection with their discovery requests and additional information obtained at Plaintiff's deposition and the first 30(b)(6) deposition;
- Plaintiff only first produced responsive documents in this action on April 16, 2026;
- Given the federal preemption issues raised in Defendant's Removal, Plaintiff's pending Motion to Remand, and which the Parties believe will continue to be at-issue in the forthcoming certification briefing, the Parties believe they and the Court will require additional time beyond the time the current Scheduling Order and Local Rules provide to thoroughly analyze and adequately address the preemption and eight (8) putative class claims in this action;
- To the extent Plaintiff will rely on expert testimony or reporting, or any other third party witness testimony, to support her Motion for Class Certification, Defendant will require more than the one week provided for by the Court's Local Rules to depose and obtain the necessary discovery from said witnesses for its Opposition to the Motion; and
- To the extent Defendant will rely on expert testimony or reporting, or any other third party witness testimony, in support of its Opposition to Plaintiff's Motion for Class Certification, Plaintiff will require more than the one week provided for by the Court's local rules to depose and obtain necessary discovery from said witnesses for her Reply in support of the Motion.

WHEREAS, the Parties do not seek to modify any other dates or deadlines set forth in the Court's Scheduling Order at this time.

WHEREFORE, the Parties stipulate and respectfully request that the Court extend Plaintiff's deadline to file her Motion for Class Certification and set the following briefing schedule as to the Motion:

- A six (6) week extension of Plaintiff's deadline to file her Motion for Class Certification, from June 11, 2026 to July 23, 2026;
- Defendant's Opposition due seven (7) weeks thereafter, on September 10, 2026;
- Plaintiff's Reply due four (4) weeks thereafter, on October 8, 2026; and
- Hearing on Friday, November 6, 2026, or as soon thereafter as the Court is able to accommodate;

IT IS SO STIPULATED.

Dated: May 27, 2026

Respectfully submitted,

MOON LAW GROUP, PC

By: */s/ Chancellor Nobles*
Kane Moon
Allen Feghali
Chancellor Nobles
Kaleb Oliver

Attorneys for Plaintiffs

Dated: May 27, 2026

JACKSON LEWIS P.C.

By: */s/ Andrea F. Oxman*
Andrea F. Oxman
Michael D. Thomas
Peter M. Waneis
Serena A. Limas

Attorneys for Defendant

In conformity with L.R. 5-4.3.4, I, Chancellor Nobles, attest that:

All other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Chancellor Nobles*
Chancellor Nobles