JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ELENA HERNANDEZ,<br>Plaintiff,<br>v.<br>SONOCO PRODUCTS COMPANY, *et al.*,<br>Defendants. | Case No. 2:25-cv-07744-FLA (RAOx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 14] AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. 31] AS MOOT** |

**RULING**

Before the court is Plaintiff Maria Elena Hernandez's ("Plaintiff") Motion to Remand ("Motion"). Dkt. 14 ("Mot").[1] Defendant Sonoco Products Company ("Defendant") opposes the Motion. Dkt. 16 ("Opp'n"). Plaintiff filed a reply. Dkt. 21 ("Reply"). On October 15, 2025, the court found the Motion appropriate for resolution without oral argument and vacated the hearing set for October 17, 2025. Dkt. 24; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS Plaintiff's Motion, REMANDS the action to the Los Angeles County Superior Court, DENIES Plaintiff's request for sanctions and attorney's fees, and DENIES Defendant's Motion for Summary Judgment (Dkt. 31) as moot.

**BACKGROUND**

On April 15, 2024, Plaintiff filed an initial complaint ("Complaint") in the Los Angeles County Superior Court, asserting claims against Defendant for failure to pay minimum wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197); failure to pay overtime compensation (Cal. Lab. Code §§ 1194 and 1198); failure to provide meal periods (Cal. Lab. Code §§ 226.7, 512); failure to authorize and permit rest breaks (Cal. Lab. Code § 226.7); failure to indemnify necessary business expenses (Cal. Lab. Code § 2802); failure to timely pay final wages at termination (Cal. Lab. Code §§ 201–203); failure to provide accurate itemized wage statements (Cal. Lab. Code § 226); and unfair business practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*). Dkt. 3, Ex. A, at 7–33 ("Compl."). Plaintiff subsequently filed the First Amended Complaint ("FAC") on July 30, 2024. *Id.*, Ex. H,[2] at 84–113 ("FAC").

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

[2] Plaintiff added a claim for civil penalties under PAGA (Cal. Lab. Code § 2699, *et seq.*).

On August 18, 2025, Defendant removed the action to this court alleging federal question jurisdiction under 28 U.S.C. § 1331 ("Removal"). Dkt. 2 ("NOR") ¶¶ 25–26. Defendant contends removal is timely because Defendant is free to conduct its own investigation and remove at any time, as 28 U.S.C. § 1446(b) was never triggered. *Id.* ¶¶ 22–24.

## DISCUSSION

### I. Legal Standard

Federal courts are presumed to "lack jurisdiction unless the contrary appears affirmatively from the record;" therefore, the party seeking federal jurisdiction bears the burden of establishing it. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over civil actions that arise under federal law. Any civil action brought in state court for which district courts have original jurisdiction may be removed. 28 U.S.C. § 1441. However, due to the "strong presumption" against removal, "federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Pursuant to 28 U.S.C. § 1446, there are two thirty-day periods for removal. Typically, a notice of removal must be filed within thirty days after a defendant is served with the initial pleading or summons. *See* 28 U.S.C. § 1446(b)(1). Alternatively, if the "initial pleading is not removable," then a notice of removal may be filed within thirty days after receipt of an "amended pleading, motion, order, or other paper" from which "it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Grounds for removal must be "apparent within the four corners of the initial pleading or subsequent paper." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) (citation omitted); *see also Gomez v. Bradford*, Case No. 2:20-cv-00506-TLN, 2021 WL 3733119, at *4 (E.D. Cal. Aug. 24, 2021) (removal was untimely when grounds for removal were "no more than a reiteration of [p]laintiff's allegations in the [c]omplaint") (alterations in

original); *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021) (holding that an "unequivocally clear and certain" standard for removability "avoid[s] gamesmanship" and allow "plaintiffs to start the clock and prevent strategic delays").

## II. Request for Judicial Notice

Plaintiff requests the court take judicial notice of a September 11, 2025 printout from the California Department of Industrial Relations, Division of Labor Standards Enforcement (DLSE), entitled "Minimum Wage – Frequently Asked Questions," available at https://www.dir.ca.gov/dlse/faq_minimumwage.htm, which lists the minimum wage rates by year in California. Dkt. 14-2 at 2. Defendant does not oppose the request. *See generally* Opp'n.

A court may take judicial notice of facts not subject to reasonable dispute because they are either: (1) "generally known within the trial court's territorial jurisdiction," or (2) capable of being "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of undisputed matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). Additionally, a court may take judicial notice of government-provided information on its official website. *See*, *e.g.*, *Stoyas v. Toshiba Corp.*, 896 F.3d 933, 946 n. 17 (9th Cir. 2018).

Under Fed. R. Evid. 201, the court finds it appropriate to take judicial notice of the existence and authenticity of this document, as it is a governmental publication. Accordingly, the court GRANTS Plaintiff's unopposed request for judicial notice.

## III. Analysis

### A. Untimely Removal

Plaintiff moves to remand this action on the grounds that Defendant's removal was untimely under § 1446(b)(1) and § 1446(b)(3). Mot. at 16–22. Defendant raises two main arguments in response.

Defendant alleges removal was timely because the Complaint, the FAC, or any other document from Plaintiff did not reveal a basis for removal, assert that Plaintiff

was a member of a union, or provide any information regarding any applicable Collective Bargaining Agreement ("CBA"), and, therefore, did not trigger the thirty-day period. *See* NOR ¶ 24; 28 U.S.C. § 1446(b)(1), (3); Opp'n at 12–13. Instead, Defendant contends it remained free to conduct its own investigation and "remove at any time." NOR ¶ 24.

Defendant also argues the second thirty-day removal window was never triggered because Defendant did not receive a pleading or other paper from Plaintiff containing a basis for removal. Opp'n at 13–14. Specifically, Defendant contends that a document created by Defendant, as opposed to one received from Plaintiff, cannot constitute a pleading or "other paper" for purposes of the second thirty-day removal window in § 1446(b)(3). *Id*. at 13. As such, Defendant asserts communications from its attorneys cannot constitute an "other paper" that has an impact on the timing of removal. *Id*. at 14. Finally, Defendant contends there is no duty to investigate the basis for removal when it is not readily determinable from the pleading, and Defendant's own investigation or knowledge does not trigger either § 1446 thirty-day removal window. *Id*. at 14–16.

Plaintiff disagrees and cites *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249 (9th Cir. 1989), a federal question case, arguing that the instant circumstances are closely analogous to those in that case in that Plaintiff's claims also arise under federal law, thus triggering "defendants' 30-day removal deadline per § 1446(b)(1)." Mot. at 14. In *Cantrell*, the Ninth Circuit considered whether a claim that was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") was timely removed. 873 F.2d at 1249–55. There, the plaintiff did not plead an ERISA claim or allege that her insurance policy had been issued pursuant to an ERISA plan. *Id.* However, there was evidence the defendants knew when the initial complaint was filed that the policy fell within ERISA. *Id.* In the "absence of evidence that shows [defendants] were ignorant" that the policy fell under ERISA, the court held that it would not be fair for the defendants to remove based on ERISA preemption despite

having failed to comply with the thirty-day deadline, and remanded the action. *Id.* at 1255.

Plaintiff argues jurisdiction here, like in *Cantrell*, was apparent to Defendant when, in preparation for mediation, Defendant provided excerpts of the CBA to Plaintiff on or about May 8, 2025. Mot. at 21–22; Dkt. 14-1 ("Nobles Decl.") ¶ 2. This includes Defendant's direct transmission, in substantially similar form, of excerpts of the CBA included in Defendant's Removal as Exhibits A–E to the Declaration of Tommy Taylor, Defendant's Director of Employee and Labor Relations. Mot. at 21–22; Nobles Decl. ¶ 2; Dkt. 4 at 5–81; Taylor Decl. ¶ 2, Dkt. 16-2 at 2. Defendant, thus, knew of the CBA and that Plaintiff was a union member before mediation. Therefore, Plaintiff contends, if Defendant's theory regarding the initial pleading is correct, and the initial pleading did not render the case removable, the thirty-day removal period would have begun on May 8, 2025, at the latest.

The court agrees with Plaintiff. Because Defendant had undisputed knowledge of the existence of the CBA and enough information at its disposal to ascertain removability, at least by May 8, 2025, removal over three months later, on August 18, 2025, was untimely. *See* 28 U.S.C. § 1441(b)(3). Accordingly, Plaintiff's Motion is GRANTED.[3]

**B. Sanctions; Attorney's Fees Pursuant to 28 U.S.C. § 1447(c)**

Absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. § 1447(c) when the removing party lacks "an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Removal is not "objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever

[3] Because the court finds Defendant's removal was untimely, the court does not address Plaintiff's remaining arguments in the Motion.

remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Although Defendant's arguments for removal lack merit, they are not objectively unreasonable. *See id.*; *see also Vagle v. Archstone Cmtys., LLC*, Case No. 2:13-cv-09044-RGK (AJWx), 2014 WL 463532, at *4 (C.D. Cal. Feb. 5, 2014) (denying attorney's fees because defendant's arguments lacked merit but were ones an objectively reasonable litigant would make); *Bendorf v. Sea World LLC*, Case No. 3:21-cv-02061-AJB, 2022 WL 1056083, at *4 (S.D. Cal. Apr. 8, 2022) (declining to award attorney's fees where defendants' removal was untimely, but not objectively unreasonable). Plaintiff's request for sanctions, attorney's fees, and costs is DENIED. *See* Mot. at 29–30.

## CONCLUSION

For the aforementioned reasons, the court GRANTS the Motion, REMANDS the action to the Los Angeles County Superior Court, Case No. 24STCV09421, DENIES Plaintiff's request for sanctions, attorney's fees, and costs, and DENIES Defendant's Motion for Summary Judgment (Dkt. 31) as moot. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: September 1, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge